UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00020

| | |
|---|---|
| **ANGELA D. DALTON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NANCY A. BERRYHILL,** )<br>**Acting Commissioner of Social Security** )<br>)<br>Defendant. ) | **AMENDED ORDER** |

**THIS MATTER** is before the court on plaintiff's (#9) and defendant's (#13) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each Motion for Summary Judgment, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Administrative History**

In January 2014, Plaintiff filed applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging disability since September 28, 2011, due to bipolar disorder, PTSD, severe anxiety, borderline agoraphobia, depression, left leg reattachment pain, left leg shorter than right, bilateral thoracic outlet syndrome, and fibromyalgia. (Tr. 19, 225). The applications were denied initially and upon reconsideration. (Tr. 19). A hearing was held before Administrative Law Judge Charles R. Howard ("the ALJ") on November 4, 2015 (Tr. 19, 39-73), and on January 21, 2016, the ALJ issued a decision denying the claims. (Tr. 19-32). On November 17, 2016, the Appeals Council denied review (Tr. 1-4),

thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff timely commenced the instant action for judicial review, pursuant to 42 U.S.C. § 405(g).

## II.	Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.	Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. For the reasons outlined below, the court finds that the ALJ's decision was based on substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one of the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date of her disability. (Tr. 21). At step two, the ALJ found that plaintiff had the following severe, medically determinable impairments: status-post left lower extremity fractures, fibromyalgia, and bipolar disorder. (Tr. 22). Though plaintiff further alleged headaches and carpal tunnel syndrome, the ALJ found that neither qualified as severe within the meaning of the regulations. (Tr. 22). At step three, the ALJ found at that none of plaintiff's impairments or any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404 Subpart P, Appendix 1. (Tr. 22-23).

Upon review of the record, the ALJ determined that plaintiff had the RFC to perform light work, with the following limitations: cannot climb ladders, ropes, or scaffolds; cannot have concentrated exposure to hazards; can occasionally balance, stoop, kneel, crouch, crawl, and climb

ramps and stairs; can perform simple, repetitive, routine tasks for two-hour segments; can adapt to infrequent and routine changes in a work setting that requires no more than occasional interaction with the public, co-workers, and supervisors. (Tr. 23).

At step four, the ALJ found that plaintiff could no longer perform her past relevant work ("PRW") as a CAN, cashier, and assembler. (Tr. 30). At step five, the ALJ found, based on vocational expert ("VE") testimony that, considering plaintiff's age, education, work experience, and RFC, that plaintiff could perform jobs existing in significant numbers in the national economy. Such jobs include building cleaner, retail marker, and routing clerk. (Tr. 31, 69-71). Such finding ended the sequential evaluation, with the ALJ finding that plaintiff is not disabled within the meaning of the Act. (Tr. 19, 31).

**D. Discussion**

The court has closely read plaintiff's memorandum of law (#10) supporting her Motion for Summary Judgment (#9). Plaintiff has made the following assignments of error:

I. The ALJ failed to provide legally sufficient reasons for rejecting the opinions of plaintiff's treating physician and treating provider;
II. The ALJ failed to sufficiently explain plaintiff's mental RFC; and
III. The ALJ failed to provide a legally sufficient basis for his RFC finding.

(#12 at 5). The court will review these allegations of error to determine whether they are based upon substantial evidence.

**1. The ALJ's rejection of the opinion of plaintiff's providers**

Plaintiff first contends that the ALJ did not provide sufficient reason for the weight given to the opinions of plaintiff's treating providers, Dr. Gillis and Ms. Francis, in arriving at his determination of plaintiff's RFC, and that such failure is grounds for remand. (#10 at 7-8).

When determining a claimant's RFC, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016). Failure to include a "narrative discussion describing how the evidence supports each conclusion" leaves the court no choice but to order remand. Mascio v. Colvin, 780 F.3d 632, 636; see also Brown v. Colvin, 639 F. Appx. 921 (4th Cir. 2016) (the court should not mine facts in the record to justify the ALJ's decision).

Here, the court finds that the ALJ has provided sufficient evidence in his rejection of the opinions of plaintiff's treatment providers. The ALJ repeatedly referenced the opinions and findings of Dr. Gillis and Ms. Francis throughout his analysis, alongside the opinions that the ALJ gave great weight. (Tr. 24-29, citing Exhibits B8F, B10F, B11F, B13F, B14F, B15F, B17F, B21F, B22F, B25F, B27F, B28F). After discussing these well-cited conclusions, the ALJ clearly states that he is rejecting the opinions of Dr. Gillis and Ms. Francis because their opinions are not sufficiently supported by "acceptable clinical findings and are not consistent with the overall evidence of the record, including Dr. Gillis' and Dr. Francis' own findings on examinations," and proceeds to explain that he gave other opinions greater weight since they have been "supported by medical signs and findings and are consistent with the overall evidence of record." (Tr. 29-30.). Since the court has not been left to guess at how the ALJ reached his conclusions, the court believes that the ALJ has shown his work appropriately and holds that his findings and conclusions are supported by substantial evidence.

2. **The ALJ's explanation for plaintiff's mental RFC**

Plaintiff asserts that the ALJ erred in his assessment of the plaintiff's nonexertional capacity, alleging that the ALJ did not make a complete mental RFC assessment as required by

SSR96-8p. (#12) at 5. Social Security Ruling 96-8p explains the "[RFC] assessment must include a narrative discussion describing how the evidence support each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. at 34, 475). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted with the medical and other evidence." S.S.R. 96-8p, 1996 WL 37184, at *7. Remand may be appropriate where "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013) (per curiam)).

Plaintiff's argument is threefold. First, plaintiff argues that the ALJ failed to make an appropriate finding as to plaintiff's ability to stay on task. (#10 at 13-14). Second, plaintiff asserts that the ALJ failed to provide a complete explanation of the effect of plaintiff's moderate difficulties in social functioning have on her ability to engage in sustained work activity. (#10 at 15). Third, plaintiff claims that the ALJ has not explained what effect plaintiff's moderate difficulties in maintaining activities of daily living have on her residual functional capacity.

In regards to plaintiff's ability to stay on task, plaintiff argues that the ALJ failed to create a connection between the record and his finding that plaintiff could not stay on task for more than two hour segments. Since the ALJ failed to do so, plaintiff contends that the opinion is lacking and must be remanded for further explanation. (#10 at 13-14). Courts within this district have found that Mascio "only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner

that 'frustrates meaningful review.'" Ponder v. Berryhill, No. 1:15-CV-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017) (quoting White v. Colvin, No. 3:15-cv-197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016)). Here, the ALJ specifically found that plaintiff "can sustain focused attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in routine and repetitive work" but not for "detailed or complex work settings." (Tr. 23). The ALJ supported this finding with findings from doctors who treated plaintiff, such as State Agency physicians who noted that plaintiff will "have some distractibility and slowed work pace due to her mental condition" and suggested plaintiff could "carry out simple tasks for two hour periods over an eight hour day." (Tr. 29, 236, 257). As a result, the court finds that the ALJ's evidence was not so lacking that meaningful review was frustrated, and that his opinion is thus supported by substantial evidence.

In regards to plaintiff's moderate social difficulties, plaintiff contends that the ALJ failed to fully explain his social functioning analysis and findings, by failing to elaborate on what he means by "interaction." (#10 at 15). Plaintiff contends a failure to explain "interaction" (and whether that means face-to-face, in the same room or area, on the telephone, via email, and so on) is a fatal flaw that necessitates remand. However, plaintiff provides no legal basis for this assertion, beyond a case from the 4th Circuit that urged ALJs to "show your work." Patterson v. Commissioner of Social Security, 846 F.3d 656 (4th Cir. 2017). Indeed, the court finds no legal authority for the proposition that the ALJ must do more than explain and discuss plaintiff's ability to interact with others, or that there is some legal duty for the ALJ to articulate limitations on every conceivable way on how "interaction" can take place. Here, the ALJ explicitly limited plaintiff to a work setting "that requires no more than occasional interaction with the public, co-workers, and

supervisors" and provides a detailed breakdown of supporting evidence and opinions from medical professionals. (Tr. 23, 24-28). In doing so, the ALJ has satisfied his duty to provide substantial evidence for his determination and thereby facilitate judicial review.

In regards to plaintiff's difficulties with daily living activities, plaintiff argues that the ALJ failed to explain whether plaintiff's difficulties in maintaining activities of daily living have any effect on her RFC, noting that Mascio requires an ALJ to account for limitations in activities of daily living when analyzing a claimant's RFC. (#10 at 17). However, the ALJ did account for plaintiff's daily living activities. Indeed, the ALJ specifically noted plaintiff's ability to complete a "wide range of daily activities during the relevant period, including: care for her baby all day, as well as her older son, performing aspects of self-care, cooking, grocery shopping, housework, driving, and managing finances," as well as work activity after the alleged onset date. (Tr. 29). The ALJ also specifically referenced a Third Party Daily Activity statement completed by plaintiff's then-husband, which further reinforced the ALJ's analysis of plaintiff's capability to perform daily activities. As a result, the court finds that the ALJ again fulfilled his duty to provide substantial evidence to justify his analysis of plaintiff's daily activities and their effect on her RFC. Put another way, the ALJ has adequately "shown [her] work." See Patterson, 846 F.3d at 663.

### 3. The ALJ's basis for his mental RFC finding

Finally, Plaintiff argues that the ALJ's finding on her RFC, specifically that she is capable of performing simple, repetitive routine tasks and that she is able to maintain concentration and persistence for two hour segments, conflicts with Dr. Carraway's opinion; since the ALJ gave great weight to Dr. Carraway's opinion, this unexplained conflict demands remand. (#10 at 19; Tr. 573). However, the court does not find that a conflict exists between the ALJ's findings and accepting

Dr. Carraway's opinion. Dr. Carraway hypothesized that plaintiff's ability to perform simple repetitive tasks and to persist at those tasks "primarily would be limited by her objective physical findings and somatic complaints." (Tr. 573). Dr. Carraway does not suggest that physical limitations exist. He only suggests that, if objective physical limitations are present, they would be the primary limitation on plaintiff's ability to perform simple repetitive tasks and persist at them. Moreover, such physical limitations are not the focus of Dr. Carraway's analysis, as he is a psychiatrist. Thus, since there is no conflict between the ALJ's finding and Dr. Carraway's opinion, and the ALJ did submit substantial evidence in support of his RFC finding, the court does not find grounds for remand.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner and plaintiff's cross Motions for Summary Judgment, and accompanying memorandums. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment (#9) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment (#13) is **GRANTED;** and

(4) This action is **DISMISSED**.

Signed: October 25, 2017

Max O. Cogburn Jr
United States District Judge